RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 NOV 18 A 10: 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marilyn D. Sanders, | ) | C. A. No. 2:10-0127-MBS-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b).

The plaintiff, Marilyn D. Sanders, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits and supplemental security income benefits in April 2006, alleging that she became unable to work on October 1, 2005, due to a hearing impairment, right knee surgery, arthritis, vertigo and vision problems. The applications were denied initially and

on reconsideration by the Social Security Administration.   On
April 26, 2007, the plaintiff requested a hearing.   The
administrative law judge before whom the plaintiff appeared with
her attorney, her sister, Ann Morris, and Ms. Clifford, a
vocational expert (Tr. 21-55), considered the case de novo, and
June 10, 2009, found that the plaintiff was not disabled under a
disability as defined in the Social Security Act, as amended.
The administrative law judge's opinion became the final decision
of the Commissioner of Social Security when it was approved by
the Appeals Council on December 7, 2009.

In making the determination that the plaintiff is not
entitled to benefits, the Commissioner adopted the following
findings of the administrative law judge:

> 1.   The claimant meets the insured status
> requirements of the Social Security Act through
> December 31, 2010.
>
> 2.   The claimant has not engaged in substantial
> gainful activity since October 1, 2005, the
> alleged onset date (20 CFR 404.1571 et seq., and
> 416.971 et seq.). ...
>
> 3.   The claimant has the following severe
> impairments: hearing impairment, asthma, status
> post right knee surgery, arthritis, vertigo, and
> obesity (20 CFR 404.1520© and 416.920©). ...
>
> 4.   The claimant does not have an impairment or
> combination of impairments that meets or medically
> equals one of the listed impairments in 20 CFR
> Part 404, Subpart P, Appendix 1 (20 CFR 404.1525,
> 404.1526, 416.925 and 416.926). ...
>
> 5.   After careful consideration of the entire
> record, the undersigned finds that the claimant

has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is restricted to working in an environment with only occasional exposure to noise, vibration, and hazards, and she should be allowed an option to sit or stand as she work. ...

6. The claimant is capable of performing past relevant work as a dressing room attendant, a data entry clerk, and as a video poker cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965). ...

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2005 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 9-18.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The

court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); <u>Hall v. Harris</u>, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986).

## GROUNDS PRESENTED

1. The administrative law judge failed to perform
a past relevant work analysis in accord with SSR
82-62, 20 C.F.R. § 404.1520.

## APPLICABLE LAW

Social Security Ruling 82-62 explains the procedures for
determining a disability claimant's capacity to do past relevant
work (PRW) as set forth in the regulations, and and clarifies the
provisions so that they will be consistently applied. The Ruling
reads in pertinent part as follows:

> The rationale for a disability decision must be
> written so that a clear picture of the case can be
> obtained. The rationale must follow an orderly
> pattern and show clearly how specific evidence
> leads to a conclusion.
>
> 1. The file will contain all the pertinent
> information which respect to the medical aspects
> of the case as well as the nonmedical facts.
>
> The explanation of the decision must describe the
> weight attributed the pertinent medical and
> nonmedical factors in the case and reconcile any
> significant inconsistencies. Reasonable inferences
> may be drawn, but presumptions, speculations and
> suppositions must not be used.
>
> A decision that an individual is not disabled, if
> based on sections 404.1520(e) and 416.920(e) of
> the regulations, must contain adequate rationale
> and findings dealing with all of the first four
> steps in the sequential evaluation process.
>
> In finding that an individual has the capacity to
> perform a past relevant job, the determination or
> decision must contain among the findings the
> following specific findings of fact:
>
> A finding of fact as to the individual's RFC.

1. A finding of fact as to the physical and mental demands of the past job/occupation.

2. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

20 C.F.R. §§ 404-1520(e)-(f) and 416.920(e)-(f) are essentially identical and read as follow:

> (e) *When your impairment(s) does not meet or equal a listed impairment*. If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record, as explained in
>
> 1. § 404.1545. (See paragraph (g)(2) of this section and § 404.1562 for an exception to this rule.) We use our residual functional capacity assessment at the fourth step of the sequential evaluation process to determine if you can do your past relevant work (paragraph (f) of this section) and at the fifth step of the sequential evaluation process (if the evaluation proceeds to this step) to determine if you can adjust to other work (paragraph (g) of this section).
>
> (f) *Your impairment(s) must prevent you from doing your past relevant work*. If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will compare our residual functional capacity assessment, which we made under paragraph (e) of this section, with the physical and mental demands of your past relevant work. (See §404.1560(b).) If you can still do this kind of work, we will find that you are not disabled.

## DISCUSSION

A review of the record herein reveals that the plaintiff's claim was not properly evaluated at the fourth step of the

sequential evaluation, and the claim should be remanded to the Commissioner.

The decision of the administrative law judge, as adopted by the commissioner as his final opinion, concludes that the plaintiff is not disabled because she has the capacity to perform her past relevant job. This decision contains the following specific findings of fact, "the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is restricted to working in an environment with only occasional exposure to noise, vibration, and hazards, and she should be allowed an option to sit stand as she works." (Tr. 11).

With regard to the plaintiff's past relevant work, the decision provides, "The claimant is capable of performing past relevant work as a dressing room attendant, a data entry clerk, and as a video poker cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965)." (Tr. 17).

First the plaintiff points out by brief that the dressing room attendant job was actually excluded by the vocational expert who testified at the administrative hearing. The expert found that this work would not allow the claimant to sit and stand as she works. (Plaintiff's Brief P. 16) (Tr. 53).

Second, the plaintiff correctly points to evidence that she could not perform work as video poker cashier because the noise of the machines would exceed the occasional exposure to noise limitation imposed by the administrative law judge, (Tr. 167-168), and the plaintiff notes the vocational expert failed to address this limitation.

Finally, the plaintiff notes some confusion over the position referenced by the vocational expert as a "data entry clerk." No DOT reference is given for the position. The job in question was titled, "VIP Customer Service" in a Bingo Parlor. Apparently the plaintiff took information from customers, input it into a computer which would then printout a "VIP Card" which customers would use on the various machines to record their play for the purpose of receiving credits toward special services. (Tr. 27). The vocational expert described the position stating, ". . . her VIP customer service with the BINGO, I think that would really just fall under data entry. That per the DOT is a sedentary, semi-skilled." (Tr. 50). Based upon this evaluation the administrative law judge concluded the plaintiff could return to this past relevant work.

The problem with this analysis, however, is that it does not contain a finding of fact as to the physical and mental demands of the past job/occupation. While the VIP Customer Service position certainly had an element of inputting data into a

computer, it apparently was performed as a service dealing with customers. Under the vocational expert's analysis, most any job, such as a cashier or office assistant, which involved inputting data into a computer would be characterized as sedentary, semi-skilled data entry work. This disregards the actual physical and mental demands of the past work, and violates the requirement of SSR 82-62 that the administrative law judge is required to make a finding of fact as to the mental and physical requirements of past relevant work. It is also disingenuous for the administrative law judge to morph the plaintiff's prior work as a "VIP Customer Service" attendant into a "data entry clerk" without a better evaluation of the physical and mental demands of the jobs. (Tr. 17).

As noted in the Social Security Ruling, the rationale for a disability decision must be written so that a clear picture of the case can be obtained. Here the evaluation of the plaintiff's past relevant work and the rationale presented provides a clear picture that the plaintiff's claim was not properly evaluated at the fourth level of the sequential evaluation.

## CONCLUSION

For the aforementioned reasons, it is recommended that this court, pursuant to its power to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and

1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), enter its order that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case remanded to the Commissioner to properly evaluate the plaintiff's capacity to return to her past relevant work under step four of the sequential evaluation process, to continue the sequential evaluation if necessary and to provide a rationale which reflects a full evaluation of the plaintiff's claim in accord with the law, the regulations and the applicable rulings. 20 C.F.R. § 404.1520, *et seq.*

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 18, 2010